UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00875-JPH-TAB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S REQUEST FOR REMAND**

**I.   Introduction**

Plaintiff appeals the Social Security Administration's denial of her application for disability insurance benefits. Plaintiff raises two arguments challenging the Administrative Law Judge's decision, arguing that the ALJ did not properly consider (1) the state-agency psychologist's finding that Plaintiff could handle brief supervision and interactions with co-workers; and (2) Plaintiff's need for time off task restrictions. While Plaintiff failed to offer any evidence supporting a time off task limitation, her first argument has merit. The ALJ found the state-agency psychologist's opinion persuasive, but then limited Plaintiff to occasional interaction with co-workers and supervisors rather than brief interactions. The ALJ failed to build a logical bridge between the evidence and his conclusion as to Plaintiff's residual functional capcacity. For this reason, Plaintiff's request for remand [Filing No. 15] should be granted.

**II. Background**

In January 2018, Plaintiff filed a Title II application for disability insurance benefits, alleging disability beginning on June 13, 2016. The SSA denied Plaintiff's claims initially and upon reconsideration. After a hearing in October 2019, at which an ALJ denied Plaintiff's claim, the Appeals Council remanded the case for a new hearing. On November 2, 2020, the ALJ held a post-remand hearing, then again denied Plaintiff's claim.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. Before reaching step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 13, 2016, the amended alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: bilateral knee degenerative joint disease, fibromyalgia, arthritis, depression, anxiety, and obesity. [Filing No. 13-2, at ECF p. 14.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations. The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] must alternate sitting and standing every 30 minutes. Occasional climbing of ramps or stairs; never climbing ladders, ropes, or scaffolds; and occasional balancing, stooping, kneeling, crouching, and crawling. Frequent reaching and handling—bilaterally. No exposure to concentrated wetness or to extreme vibration. No exposure to unprotected heights or hazardous machinery. She has the ability on a sustained basis to understand, carryout, and remember simple instructions. She is able to make judgements [sic] commensurate with functions of simple, repetitive tasks. She can sustain concentration on simple

> tasks over an 8-hour workday.  Occasional interaction with supervisors and coworkers.  She can deal with changes in routine work settings.  She can manage occasional contact with the public, but sustained, intensive, interpersonal contact is precluded.  She would work best alone or in semi-isolation from others or as part of a small group.

[Filing No. 13-2, at ECF p. 16.]

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work.  Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC before concluding that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including marker, garment sorter, and checker.  [Filing No. 13-2, at ECF p. 20.]  Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III.   Discussion

Plaintiff raises two arguments on appeal: (1) that the ALJ failed to evaluate or improperly accounted for the opinion of a state-agency psychologist; and (2) that the ALJ erroneously failed to consider Plaintiff's need for time off-task and absenteeism.  The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

### A. Brief supervision and interaction with co-workers

Plaintiff first argues that the ALJ failed to evaluate the opinion of psychologist Maura Clark, Ph.D. Dr. Clark stated that Plaintiff is "able to respond appropriately to brief supervision and interactions with coworkers[.]" [Filing No. 13-3, at ECF p. 29.] The ALJ did not directly reference this portion of Dr. Clark's opinion in his decision. Rather, the ALJ grouped together the opinions of both state agency psychologists and noted the following:

> The state agency psychological consultants opined that the claimant had some mental functioning limitations, which were no more than moderate, including the ability to carry out and understand simple instructions and deal with changes in routine work settings. The opinions are persuasive. They are generally consistent with, and supported by, the substantial evidence of record discussed in this decision, such as the findings from Dr. Kurzhals' consultative exam and the claimant's presentation at the hearings. For example, during the hearings, the claimant was able to provide information about her personal and medical histories and answer questions appropriately without any significant problems, did not engage in any significant unusual behaviors or inappropriate interactions and was polite when addressing me, and maintained her concentration fairly well.

[Filing No. 13-2, at ECF p. 18.] Ultimately, the ALJ found that Plaintiff had a moderate limitation in interacting with others. The ALJ included in Plaintiff's RFC a limitation to occasional interaction with supervisors and co-workers, occasional contact with the public, and a note that Plaintiff would work best alone or in semi-isolation from others or as part of a small group. [Filing No. 13-2, at ECF p. 16.]

Plaintiff argues that this error—the ALJ's failure to address or accommodate a limitation to brief supervision and interactions with co-workers—was material because at Plaintiff's first hearing, the vocational expert testified that for the first few days of the probationary period at a new job, the new employee would have more than brief interaction with a co-worker or supervisor. [Filing No. 13-2, at ECF p. 118.] Thus, Plaintiff contends that at the start of a new job, Plaintiff would have more interaction with co-workers or supervisors than she can tolerate

4

and would be unable to complete the probationary period. In support, Plaintiff cites to a Second Circuit decision, *Sczepanski v. Saul*, 946 F.3d 152, 161 (2d Cir. 2020) (vacating district court judgment where ALJ erroneously assumed the plaintiff's ability to complete a probationary period was irrelevant to her disability status), and one decision from this district, *Kenneth P. v. Saul*, No. 4:19-cv-59-JMS-DML, 2019 WL 6463449, at *6 (S.D. Ind. Dec. 2, 2019) ("When viewed holistically and in combination with the RFC determination, the VE's testimony can support only one conclusion: that a hypothetical claimant with Kenneth P's limitations would be unable to perform any job in the national economy.").

    The Commissioner wholly ignores these decisions. Instead, the Commissioner argues that the ALJ's decision reflects consideration of Dr. Clark's opinion. The ALJ found Dr. Clark's opinion, as well as the opinion of the other state agency psychologist, persuasive. However, the Commissioner stretches its argument to state that the ALJ accommodated the opinions of the state agency psychologists when he concluded that Plaintiff could handle occasional interaction with supervisors and coworkers; occasional contact with the public; no sustained, intensive, interpersonal contact; and would work best alone or in semi-isolation from others or as part of a small group. [Filing No. 16, at ECF p. 4.] As Plaintiff reiterates in reply, "[a] limitation to occasional interaction is not as restrictive as a limitation to brief interaction." [Filing No. 16, at ECF p. 2.] "Brief" is not defined in the Social Security Act or regulations, but in the Merriam-Webster Dictionary the adjective is defined as "short in duration, extent, or length." *See Brief*, Merriam-Webster, www.merriam-webster.com/dictionary/brief, last visited March 8, 2022. In comparison, the SSA defines "occasional" as "from very little up to one-third of the day." Social Security Ruling 83-10. Thus, by finding that Plaintiff could have occasional interaction with supervisors and coworkers, the ALJ effectively found Plaintiff could interact with coworkers and

5

supervisors for up to one-third of an eight-hour day.  Yet that finding fails to address Dr. Clark's opinion that Plaintiff can only interact with coworkers and supervisors for a short period of time.

While is not the role of the Court to re-weigh the evidence, the ALJ must build a logical bridge between the evidence and the conclusion.  *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) ("The court's role is not to reweigh evidence, but to determine whether the ALJ built an accurate and logical bridge between the evidence and the conclusion."  (Internal citation and quotation marks omitted)).  Here, it is not clear in the ALJ's decision whether the ALJ actually acknowledged this portion of Dr. Clark's opinion or how the ALJ went from finding Dr. Clark's opinion persuasive—that Plaintiff is limited to no more than brief supervision and brief interaction with co-workers—to the conclusion that nevertheless, she could actually handle interaction and supervision up to one-third of a work day.

The Commissioner characterizes Plaintiff's argument as splitting hairs.  Perhaps so, but the ALJ must accurately account for all of Plaintiff's limitations.  Limiting Plaintiff to brief interactions may well preclude the jobs the VE said Plaintiff could perform, and that the ALJ noted in his decision.  Those positions require probationary periods, which necessarily involve more than brief interactions.  The ALJ never addressed the probationary periods in his decision.  The Court faced a similar situation in *Shelton v. Colvin*, No. 1-14-cv-1920-SEB-TAB, 2015 WL 13739358, at *3 (S.D. Ind. Oct. 13, 2015), *report & rec. adopted*, No. 1-14-cv-1920-SEB-TAB (S.D. Ind. March 31, 2016) (ECF 26).  In *Shelton*, the plaintiff argued that his limitations in social functioning prevented him from getting through the probationary period at the jobs the ALJ found he could perform.  *Id*.  The VE testified that the positions at issue typically have 90-day probationary periods.  *Id*.  The magistrate judge recommended remand for this and other grounds, noting:

6

> Herein lies the problem. These jobs require a worker to go through a probationary period during which he must have more than brief, superficial interaction with supervisors and co-workers. Yet, according to the ALJ, Shelton is not able to do that. According to the ALJ, Shelton is not able to have more than brief, superficial interaction with supervisors and co-workers. This dichotomy compels the conclusion that Shelton will be unable to get through the required probationary period at each of the jobs used to deny his claim.

*Id.* Cf. *Douglas v. Kijakazi*, No. 1:20-cv-3023-DLP-JPH, 2022 WL 740720, at *8 (S.D. Ind. Mar. 11, 2022) (citing *Shelton* but finding any error harmless because nothing in the plaintiff's RFC determination would have limited his ability to complete a probationary period). The same concerns in *Shelton* regarding whether the ALJ properly accommodated all of Plaintiff's limitations, and whether Plaintiff will be able to get through the probationary period of jobs, are prevalent in this case. And the ALJ's failure to accurately account for all of Plaintiff's limitations means this error is not harmless. Therefore, the ALJ must address these concerns and discrepancies on remand.

    **B.**     **Time off task**

Plaintiff also argues that the ALJ should have evaluated whether Plaintiff needed off-task or absentee limitations in her RFC to account for her limitations in concentration. In support, Plaintiff notes the testimony of the two vocational experts from the hearings and relies on the Seventh Circuit's recent opinion in *Lothridge v. Saul*, 984 F.3d 1227 (7th Cir. 2021). In *Lothridge*, the Seventh Circuit held that remand was necessary where the VE testified that in order for Lothridge to be employable, she would need to have the ability to stay on task for at least 90% of the workday, have minimal tardiness, and only be absent once per month. *Id.* at 1234. In that case, "[t]he ALJ neither cited evidence that Lothridge could meet these benchmarks nor addressed the evidence that she could not." *Id.* The Seventh Circuit held that the ALJ needed to consider whether Lothridge had trouble staying on task for a full workday

7

given the ALJ's acknowledgement that "Lothridge only 'sometimes finished what she started,' 'got frustrated easily,' 'did not handle stress well,' and had 'some challenges with concentration— even that she was distressed during the hearing and needed to have questions repeated." *Id*. at 1233.

The VE at Plaintiff's first hearing testified that if Plaintiff was off task more than 10 percent of the workday or absent more than one or two days per month, she would not be able to sustain work at the jobs that the VE described. [Filing No. 13-2, at ECF p. 117-18.] Similarly, the VE at the second hearing testified that if Plaintiff was off task more than 10 percent of the workday or absent more than one day per month, she would not be able to sustain work. [Filing No. 13-2, at ECF p. 64-65.] The ALJ did not specifically address whether Plaintiff would be able to stay on task for at least 90 percent of the workday or how often she would be absent. Thus, Plaintiff argues that the relevant facts in the present case mirror *Lothridge* as well as this Court's decision in *Sheryl B. v. Kijakazi*, No. 1:20-cv-2025-JMS-TAB, 2021 WL 3855482, at *7 (S.D. Ind. Aug. 30, 2021) (remanding for failure to construct a logical bridge where ALJ failed to articulate a clear finding regarding the plaintiff's capacity to stay on task in light of the VE's testimony). The Commissioner argues *Lothridge* and *Sheryl B.* are distinguishable because the evidence here does not reflect that Plaintiff had the same types of challenges as *Lothridge* and provides additional factual discrepancies.

While the ALJ did not directly address a need for time off task, he found Plaintiff could sustain concentration on simple tasks over an 8-hour workday. [Filing No. 13-2, at ECF p. 16.] In addition, the ALJ noted that Plaintiff's severe limitations included depression and anxiety but found that she had no more than moderate limitations in the four broad areas of mental functioning, including concentrating, persisting, or maintaining pace and adapting or managing

8

oneself. In support, the ALJ explained that Plaintiff "maintained her concentration fairly well" at the hearing. [Filing No. 13-2, at ECF p. 15.] In addition, the ALJ took into consideration Plaintiff's examination with consultative examiner Dr. Kurzhals. At that exam, Plaintiff recalled one out of three items after a five-minute delay, recalled six digits forward and four backward, correctly solved eight out of eight basic math problems, and slowly provided responses on the serial sevens tasks. [Filing No. 13-2, at ECF p. 15.] While Plaintiff alleged she has trouble finishing what she starts in her function report, the ALJ reasonably recognized that Plaintiff's treatment records did not show problems with memory, understanding, or concentration, and her mental status examinations were largely negative, with the only abnormal findings being a depressed affect at some appointments. [Filing No. 13-2, at ECF p. 18; Filing No. 13-9, at ECF p. 9, 99, 231, 272.] Thus, the ALJ expressly considered Plaintiff's ability to concentrate and persist.

Moreover, the ALJ's conclusion that Plaintiff could handle simple, routine tasks was consistent with the state agency psychologists, who found that Plaintiff could "understand, carry out, and remember simple instructions," and "make judgments commensurate with the functions of simple, repetitive tasks." [Filing No 13-2, at ECF p. 18; Filing No. 13-3, at ECF p. 13, 29.] Thus, unlike the valid concerns raised in relation to the ALJ's treatment of Dr. Clark's opinion limiting Plaintiff to no more than brief supervision and interaction with coworkers, Plaintiff's second argument does not provide a basis for remand.

## IV. Conclusion

The ALJ failed to construct a logical bridge between Dr. Clark's opinion and the ALJ's conclusion that Plaintiff need only be limited to occasional supervision and interaction with coworkers. Accordingly, Plaintiff's request for remand [Filing No. 15] should be granted. Any objection to the magistrate judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 3/17/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email